UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiff Eon-Net, L.P.

| | |
|---|---|
| EON-NET, L.P.<br><br>      Plaintiff,<br><br>    v.<br><br>DIASCIENCE CORP.,<br><br>      Defendant. | Case No. 08-CV-03581 (RJS)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff, Eon-Net, L.P., a limited partnership (hereinafter referred to as "Eon-Net"), demands a jury trial and complains against the defendant as follows:

## THE PARTIES

  1. Eon-Net is a limited partnership organized and existing under the laws of the British Virgin Islands, with its principal place of business at P.O. Box 116, Road Town, Tortola, British Virgin Islands.

  2. Upon information and belief, Diascience Corp. d/b/a Yehuda Diamond Company (hereinafter referred to as "Defendant" or "Yehuda") is a business organized and existing under the laws of the State of New York, having a place of business at 590 Fifth Avenue, New York, New York 10036. For three generations, members of the Yehuda family have been involved in most facets of the diamond business. In addition to its New York Office, Yehuda has buying, cutting and sorting facilities in Israel.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant is doing business and committing infringements in this judicial district and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**CLAIM FOR PATENT INFRINGEMENT**

6. Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 5 above.

7. On January 27, 2004, U.S. Patent No. 6,683,697 (hereinafter referred to as "the '697 patent") was duly and legally issued to Millennium, L.P. ("Millennium") for an invention entitled "Information Processing Methodology." On October 14, 2004, Millennium assigned the '697 patent to Eon-Net. A Certificate of Correction to the '697 patent issued on July 26, 2005. A copy of the '697 patent and the Certificate of Correction are attached to this Complaint as Exhibit 1.

8. Eon-Net is the owner of all right, title and interest in and to the '697 patent.

9. On July 11, 2006, U.S. Patent No. 7,075,673 (hereinafter referred to as "the '673 patent") was duly and legally issued to Eon-Net for an invention entitled "Information Processing Methodology." A copy of the '673 patent is attached to this Complaint as Exhibit 2.

10. Eon-Net is the owner of all right, title and interest in and to the '673 patent.

11. On February 27, 2007, U.S. Patent No. 7,184,162 (hereinafter referred to as "the '162 patent") was duly and legally issued to Eon-Net for an invention entitled "Information Processing Methodology." A copy of the '162 patent is attached to this Complaint as Exhibit 3.

12. Eon-Net is the owner of all right, title and interest in and to the '162 patent.

**COUNT ONE**

13.   Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 12 above.

14.   Yehuda has for a long time past and still is infringing, actively inducing the infringement of and/or contributorily infringing in this judicial district, the '697 patent by, among other things, operating a website at www.yehuda.com ("the Yehuda Website") pursuant to a claim of the '697 patent, without permission from Eon-Net, in which information entered by a Yehuda customer into a web page displayed on the browser of the customer's computer is extracted according to content instructions and transmitted to an application program operating on Defendant's web server according to customizable transmission format instructions in a manner defined by the claims of the '697 patent. For example, a Yehuda customer seeking to purchase product can enter their first name, last name, zip code and e-mail address into HTML form elements displayed on the web page found at http://www.yehuda.com/myyehuda.asp of the Yehuda Website to arrange to have the product selected for purchase shipped to a jeweler for inspection. The foregoing information entered into the HTML document is extracted by the browser and transmitted to an application program running on the Yehuda web server for processing the customer's order in a POST format and using an https protocol required by the application program.

15.   Plaintiff, Eon-Net, has been damaged by such infringing activities by the Defendant of the '697 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

**COUNT TWO**

16.   Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 15 above.

17.   Yehuda has for a long time past and still is infringing, actively inducing the infringement of and/or contributorily infringing in this judicial district, the '673 patent by, among other things,

3

operating the Yehuda Website pursuant to a claim of the '673 patent, without permission from Eon-Net, in which information entered by a customer of Defendant into an electronic document template displayed on the browser of the customer's computer is extracted according to content instructions and transmitted to an application program operating on Defendant's web server according to customizable transmission format instructions in a manner defined by the claims of the '673 patent. For example, a Yehuda customer seeking to purchase product can enter their first name, last name, zip code and e-mail address into HTML form elements displayed on the web page found at http://www.yehuda.com/myyehuda.asp of the Yehuda Website to arrange to have the product selected for purchase shipped to a jeweler for inspection. The foregoing information entered into the HTML document is extracted by the browser and transmitted to an application program running on the Yehuda web server for processing the customer's order in a POST format and using an https protocol required by the application program.

18.    Plaintiff, Eon-Net, has been damaged by such infringing activities by the Defendant of the '673 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

### COUNT THREE

19.    Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 18 above.

20.    Yehuda has for a long time past and still is infringing, actively inducing the infringement of and/or contributorily infringing in this judicial district, the '162 patent by, among other things, operating the Yehuda Website pursuant to a claim of the '162 patent, without permission from Eon-Net, in which information entered by a customer of Defendant into an electronic document template displayed on the browser of the customer's computer is extracted according to content instructions and transmitted to an application program operating on Defendant's web server according to customizable transmission format instructions in a manner defined by the claims of the '162 patent.

1  For example, a Yehuda customer seeking to purchase product can enter their first name, last name,
2  zip code and e-mail address into HTML form elements displayed on the web page found at
3  http://www.yehuda.com/myyehuda.asp of the Yehuda Website to arrange to have the product
4  selected for purchase shipped to a jeweler for inspection. The foregoing information entered into the
5  HTML document is extracted by the browser and transmitted to an application program running on
6  the Yehuda web server for processing the customer's order in a POST format and using an https
7  protocol required by the application program.
8
      21.    Plaintiff, Eon-Net, has been damaged by such infringing activities by the Defendant of the '162 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, THE Plaintiff, Eon-Net prays for judgment against the Defendant Yehuda on all the counts and for the following relief:

A. Declaration that the Plaintiff is the owner of the '697 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

B. Declaration that the '697 patent is valid and enforceable;

C. Declaration that the Defendant has infringed, actively induced infringement of, and/or contributorily infringed the '697 patent;

D. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Eon-Net's '697 patent;

E. An accounting for damages under 35 U.S.C. §284 for infringement of Eon-Net's '697 patent by the Defendant and the award of damages so ascertained to the Plaintiff, Eon-Net, together with interest as provided by law;

1  F. Declaration that the Plaintiff is the owner of the '673 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

3  G. Declaration that the '673 patent is valid and enforceable;

4  H. Declaration that the Defendant has infringed, actively induced infringement of, and/or contributorily infringed the '673 patent;

6  I. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Eon-Net's '673 patent;

12 J. An accounting for damages under 35 U.S.C. §284 for infringement of Eon-Net's '673 patent by the Defendant and the award of damages so ascertained to the Plaintiff, Eon-Net, together with interest as provided by law;

15 K. Declaration that the Plaintiff is the owner of the '162 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

17 L. Declaration that the '162 patent is valid and enforceable;

18 M. Declaration that the Defendant has infringed, actively induced infringement of, and/or contributorily infringed the '162 patent;

20 N. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Eon-Net's '162 patent;

26 O. An accounting for damages under 35 U.S.C. §284 for infringement of Eon-Net's '162 patent by the Defendant and the award of damages so ascertained to the Plaintiff, Eon-Net, together with interest as provided by law;

P.  Award of Eon-Net's costs and expenses; and

Q.  Such other and further relief as this Court may deem proper, just and equitable.

**DEMAND FOR JURY TRIAL**

The Plaintiff, Eon-Net, demands a trial by jury of all issues properly triable by jury in this action.

By: _____
Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207
Attorneys for Plaintiff Eon-Net, L.P.

Dated: April 9, 2008
         Westfield, NJ